■ JOSE LONGA et al., Appellants, v 17 BATTERY PLACE NORTH ASSOCIATES, Respondent, et al., Defendant.—Order, Supreme Court, New York County (Michael Dontzin, J.), entered on or about December 4, 1989, which denied plaintiffs' motion for an order setting aside a previous order entered June 24, 1985, granting the defendant's motion for summary judgment, dismissing the complaint against the defendant, and denying the plaintiffs' cross motion to strike defendant's affirmative defense of workers' compensation, unanimously affirmed, without costs.

The Supreme Court initially granted a motion for summary judgment made by the defendant in an order dated June 24, 1985. This court unanimously affirmed that order on December 16, 1986 *(Longa v 17 Battery Place N. Assoc.,* 125 AD2d 1016) and denied the plaintiff's motion for leave to appeal to the Court of Appeals on November 13, 1987. The plaintiff

subsequently made a motion pursuant to CPLR 5015 to set aside the judgment entered based on a claim that it was obtained by resort to fraudulent evidence.

The new evidence consisted of the original of a Xeroxed photocopy presented to the court. The document was a generic form for reimbursement under workers' compensation. In the space for employer, Montrose Realty had been written in, then whited out, and "17 Battery Place Associates" written in.

Plaintiff asserted that his real employer was Montrose Realty, which fraudulently sought to make it appear that 17 Battery Place North Associates was the plaintiff's employer. The evidence submitted by the plaintiff prior to the June 24, 1985 order and the December 4, 1989 order failed to establish conclusive evidence of a fraud. The court properly denied the plaintiff's prior cross motion and the immediate motion. Where there is insufficient proof of fraud upon which a judgment is based, the judgment will not be vacated. *(Greenwich Sav. Bank v JAJ Carpet Mart,* 126 AD2d 451.) Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ.